AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri



In the Matter of the Search of )
The property and premises located at 16 Municipal )
Drive, Suite E, Arnold, Missouri 63010, further ) Case No. 4:19-mj-7085-SPM
described as a red brick office building (See )
Attachments A and B) )
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____EASTERN____ District of ____MISSOURI____
*(identify the person or describe the property to be searched and give its location)*:

The property and premises located at 16 Municipal Drive, Suite E, Arnold, Missouri 63010, further described as a red brick office building (See Attachments A and B)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT C

**YOU ARE COMMANDED** to execute this warrant on or before ____March 8, 2019____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____United States Magistrate Judge Shirley Padmore Mensah____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued:  2.22.2019; 16:14                        _____
                                                                *Judge's signature*

City and state:   St. Louis, MO                                Honorable Shirley Padmore Mensah, U.S. Magistrate Judge
                                                                *Printed name and title*

## **ATTACHMENT A**

### Summary of Probable Cause

1.      For the reasons more fully set out in the affidavit filed in support of this search warrant, there is probable cause to believe Power-Med, through its owners Dr. Thomas Hobbs and Dr. Vivian Carbone-Hobbs and its employees and contractors (a) falsified or caused to be falsified patient medical records so that applicants could fraudulently obtain disability benefits from the Social Security Administration and other disability plans and programs, (b) knowingly ordered or provided excessive and medically unnecessary diagnostic tests, procedures, and services with the intent to pad the medical records to increase the likelihood that applicants would receive disability benefits, (c) exaggerated and encouraged applicants to exaggerate the severity of their illnesses, injuries, or conditions and the limitations resulting therefrom, and (d) charged and received from each applicant over $20,000 for submitting false and fraudulent medical records and disability to the Social Security Administration and other plans and programs.

2.      Further, there is probable cause to believe that as part of a conspiracy and scheme to defraud, applicants fraudulently misrepresented and exaggerated the nature and severity of their conditions and functional limitations or thereafter failed to notify the Social Security Administration that their medical condition and functioning had improved, as they were required to do.

3.      Further, there is probable cause to believe that Dr. Thomas Hobbs knowingly made misleading and false representations that he was a licensed medical doctor to the Social Security Administration and others.

4.      Based on the investigation to date and as described in the affidavit submitted in

1

support of a warrant, there is probable cause to believe that Power-Med is a business permeated with fraud.

## Place to be Searched

1. Based on the investigation to date, there is probable cause to believe that evidence, fruits and instrumentalities of the crimes set forth herein may be found inside the premises identified as Power-Med, 16 Municipal Drive, Suite E, Arnold, MO 63010.

2. The place to be searched is particularly described as an office building located at 16 Municipal Drive, Suite E, Arnold, Missouri 63010, located in a red brick office building located on the north side of Municipal Drive, Arnold, Missouri. Suite E has its own entrance and is occupied by Thomas Hobbs, Vivian M. Carbone-Hobbs and their employees.

3. On the south side of the building there is white lettering of "NO. 16" and "MUNICIPAL DR." On the south side of the building adjacent to the first window is a sign which reads: "DR. VIVIAN CARBONE-HOBBS, CHRIROPRACTOR, ACUPUNCTURE". On the south side of the building in the window is a sign, which reads: "FAMILY & INTERNAL MEDICINE, (636) 296-1093". On the south side of the entrance door in white lettering is "E". Under the "E" is a sign, which reads: "DR. VIVIAN CARBONE-HOBBS, CHRIROPRACTOR, ACUPUNCTURE". The sign on the north side of the entrance door is a sign which reads: "POWER-MED, FUNCTIONAL MEDICINE, INTERNIST, NUTRITIONIST, MEDICAL EXAMINER"

## ATTACHMENT B





**ATTACHMENT C**

**Items to Be Seized**

1. All items, records, and information, in whatever form or storage medium, including, but not limited to hard copy, computer hard drives, digital storage devices, or computer disks, including the items listed below, that are instrumentalities, fruits, and evidence of violations of Title 42, United States Code, Sections 408(a)(2) (making a false statement in an application for disability determination or disability payments) and Section 408(a)(4) (concealing from the SSA events affecting the right to disability payments) and Title 18, United States Code, Sections 371 (conspiracy), 641 (theft from the federal government), Section 1035 (making false statements concerning health care matters), Section 1341(mail fraud), and 1347 (health care fraud scheme).

2. All patient files, in their entirety, for patients for whom Dr. Thomas Hobbs, Dr. Vivian Carbone-Hobbs, and any health care provider associated with Power-Med, Inc. (collectively referred to hereafter as "Power-Med") directly or indirectly submitted or caused to be submitted information to the Social Security Administration or any other program or plan providing disability insurance or coverage to Power-Med patients, including but not limited to the patients identified on page 6 of this Attachment C. "Patient files" include patient medical records, orders for examinations and tests, the reports or results of any examinations and tests, patient histories, assessments and progress notes, consultation reports, patient signature logs or sign in sheets, and patient insurance information.

3. Any and all "Disability Determination Reports," "Report of Findings," and "Physical Medical Source Statements," other documents submitted by Power-Med to report findings and opinions concerning the disability of Power-Med patients, and templates for such reports.

4. All Social Security Function Reports and any documents related to these reports.

1

5. Patient billing information for all patients from whom Power-Med received or requested payment for services related to a disability determination, including but not limited to fee schedules, signed documents entitled "Disability Package Pricing," records of payments received, labels, and documents reflecting communication with patients concerning fees and payments.

6. All documents that reflect or relate to the Social Security Administration, Anheuser-Busch, MetLife, Prudential, or any other program or plan providing insurance or coverage for disabled individuals, including listings of patients who have been determined to be disabled, information regarding financial assistance provided to disabled individuals, education and guidance materials concerning eligibility requirements for disability programs, and documents reflecting communication between Power-Med and theses businesses or agencies.

7. Personnel records for present and former employees, marketers, and independent contractors, including employment applications, resumes, notary logs, transcripts, degrees, licenses, certifications, certifications, job descriptions, payment records, W-2s, and 1099s.

8. All documents related to or reflecting Dr. Hobbs' post-graduate education, degrees, licenses, and certifications by professional boards or organizations, including but not limited to resumes, curriculum vitae, transcripts from the University of Health Sciences of Antigua, British West Indies and documents that Dr. Hobbs submitted to the University of Health Sciences of Antigua and the Education Commission for Foreign Medical Graduates, and applications or other documents that Dr. Hobbs submitted when applying for a state medical license.

9. All documents reflecting Dr. Vivian Carbone-Hobbs' post-graduate education, degrees, licenses, and certifications by professional boards or organizations.

10. Any and all documents reflecting communication among Power-Med employees, marketers, independent contractors, and patients concerning the services to be provided to Power-Med patients and disability applicants, including but not limited to reports, correspondence, emails, texts, or other applications that use the internet.

11. Appointment calendars, personal calendars, travel records, activity reports, or any other document showing schedules of Power-Med employees, marketers, independent contractors, or owners for the period 2010 to 2017.

12. Power-Med staff meeting agendas and minutes, staff education materials, policy and procedure manuals, and other documents reflecting Power-Med policies and procedures.

13. Federal and state tax returns, including supporting documents, for Dr. Hobbs, Dr. Carbone-Hobbs, and Power-Med for the 2010 to 2017 tax years.

14. Any and all records of contact between Power-Med and any regulatory or licensing agency or program.

15. Documents that identify all the Power-Med owners and board members, by name, home and business addresses, and home, cell, and business phone numbers.

16. Computers or storage media used as a means to commit the violations described above whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER,

3

such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER:

j. software, documentation, and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

4

17. As used above, the terms "records," "documents" and "information" include all forms of creation or storage, including any form of computer or electronic storage (such a shared disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

18. The term "computer includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

19. The term "storage medium" includes any physical object under which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.