**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 4: 19-cr-00386-HEA-PLC |
| | ) | |
| THOMAS G. HOBBS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR DISCLOSURE OF UNREDACTED SEARCH WARRANT AFFIDAVIT AND INFORMATION CONCERNING SEIZURE OF EVIDENCE**

Now Comes Defendant, THOMAS G. HOBBS, through counsel, STEPHEN C. WILLIAMS and for his Reply to the Government's Response to his Motion to Compel Disclosure of Unredacted Search Warrant and Affidavit states as follows:

The government first asserts that continued sealing of the Search Warrant Affidavit is necessary to maintain the secrecy of its investigation. Govt. Resp. at 3- 7. In doing so the government primarily relies on cases which evaluate the propriety of unsealing a search warrant affidavit for purposes of providing access to the recipient of a warrant *when a case has not yet been indicted*,(*See In re EyeCare Physicians of America*, 100 F.3d 514, 517 (7th Cir. 1996); *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988); *In re Ares Armor*, 687 F. App'x 622, 625 (9th Cir. 2017); *In re Fair Finance*, 692 F.3d 424 (6th Cir. 2012); *Bartholomew v. Pennsylvania*, 221 F.3d 425, 429 n. 5 (3rd Cir. 2006)), or, in a post-indictment case, where evaluating whether to grant *public access* to a warrant affidavit or partially sealed indictment. *United States v. Smith*, 776 F.2d 1104; 1114- 15 (3rd Cr. 1985); *United States v. Shepard*, 2010 WL 4962876, at *3 (E.D. Mo, Dec. 1, 2010). None of those

cases stand for the proposition that an *indicted* defendant can be denied access to a warrant affidavit.

The only case the government cites that involves an indicted defendant is an unpublished (and non-precedential) decision from the Fourth Circuit. *See United States v. Oliver*, 99-4231, 1020 WL 263954 at *4 (4th Cir. 2000)[1]. In addition to being unpublished, the case relies on two district court decisions that examined the question in the context of a *pre-*indictment searches. See *In re Search Warrants issued Aug. 29, 1994,* 889 F.Supp. 296, 299 (S.D. Ohio 1995); *In re Search of North Plastics, Inc.*, 940 F.Supp. 229, 232 (D. Minn. 1996). *Oliver* also provides no facts upon which to evaluate its analysis and applicability to any other matter (hence its unpublished status). Thus, although the *Oliver* Court appears to adopt a test applicable to post -indictment cases that mirrors pre-indictment cases, this Court should decline to do so as it is contrary to Supreme Court precedent and would significantly impede indicted defendants' rights under the Due Process Clause and the Fourth Amendment.

Mr. Hobbs has been indicted and charged with possession of a firearm seized during the execution of a search warrant. He has a right to examine the warrant in order to evaluate a challenge to its sufficiency and to investigate and evaluate whether there are any actionable misstatements in the warrant affidavit that would entitle him to an evidentiary hearing. *See Franks v. Delaware*, 438 U.S. 154, 155 & 172 (1978). He cannot vindicate his due process and Fourth Amendment Rights without access to the affidavit. He cannot file a motion to suppress evidence under Federal Rule of Criminal Procedure 12(b) in accordance with the Court's

[1] Under the Fourth Circuit's own rules, citation to this case – which was published before January1, 2007- within that Circuit "is disfavored except for the purpose of establishing res judicata, estoppel, or the law of the case. Rule 32.1, Local Rules of the Fourth Circuit.

scheduling order without access. And he certainly cannot waive his right to file a pretrial motion in accordance with this Court's scheduling order without access to the affidavit.[2]

The government also suggests that the Court conduct an *in-camera* review of the affidavit rather than allowing the defendant and counsel its own examination. With all due respect, this is an adversarial system where Mr. Hobbs is entitled to the assistance of counsel. The government's suggestion evokes a passage from the Supreme Court in *Franks: "*The usual reliance of our legal system on adversarial proceedings itself should be an indication that an *ex parte* inquiry is likely to be less vigorous. The magistrate has no acquaintance with the information that may contradict the good faith and reasonable basis of the affiant's allegations." 438 U.S. at 169. The remedy the government suggests is untenable.

If the government wanted to protect the integrity of its 'on-going investigation' it could have waited to indict Mr. Hobbs for the firearms offense. The search warrant return, the Indictment and the government's motion all suggest that the firearm at issue in this case (a shotgun) was unloaded and cased and that there was no ammunition seized with it. When Mr. Hobbs had his initial appearance, the government did not ask for detention. So, what was the hurry? The fact that the government strategically chose to initiate this charge when it did should not work to the detriment of Mr. Hobbs's due process and Fourth Amendment protections.

The Government also asserts that the plain view doctrine obviates the need for evaluation of the search warrant. Govt. Resp. at 7 – 9. This, says the government, is because the "Federal Agents were Lawfully in Position to View the Shotgun." Govt. Resp. at 8. Of course, this can only be true if the warrant is valid and/or the officers were acting in good faith on the issuance of

[2] If Mr. Hobbs does not file a motion to suppress in accordance with the Court's order, he will waive his rights to filing one. Fed. Rule Crim. Proc. 12(c)(3).

the warrant – issues that cannot be evaluated without examination of the affidavit.

Furthermore, here the government invokes the plain view doctrine because it seized an item not contained in the search warrant, that was allegedly observed during the execution of the warrant. Invoking the doctrine under these circumstances presupposes that the warrant was valid when issued. *See Horton v. California*, 496 U.S. 128, 134 – 135 (1990); *United States v. Nichols*, 344 F.3d 793, 795 & 799 (8th Cir. 2003). Although the government cites to *Horton* in its response, it seems to have ignored this premise. The other cases the government relies on have no applicability to this case as they did not arise from circumstances where the government was in the position to assert plain view because the agents were on premises while executing a warrant. *United States v. Evans*, 830 F.3d 761, 766 (8th Cir. 2016) (seized evidence observed during *Terry* stop); *United States v. Banks*, 514 F.3d 769, 772 & 774 (8th Cir. 2007) (evidence seized during consent search of apartment); *United States v. Miller*, 929 F.2d 364 (8th Cir. 1991)(evidence seized during consent search of common garage area). In this case, the validity of the search warrant is essential to the application of the plain view doctrine. Accordingly, evaluation of the search warrant affidavit is an essential precondition to determining if the government can properly assert this exception to the warrant requirement.

Finally, the government somehow reads Defendant's motion as "obliquely" conceding that the agents were lawfully on the premises. How the government can make this claim with a straight face is baffling. The government's response, inasmuch as it opposes disclosure of the search warrant affidavit, is disingenuous at best.

s/Stephen C. Williams
Kuehn, Beasley & Young, P.C.
23 South 1st Street
Belleville, IL 62220
Telephone: (618) 277-7260
Fax: (618) 277-7718
swilliams@kuehnlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2019, I electronically filed the REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISCLOSE UNREDACTED SEARCH WARRANT AFFIDAVIT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Stephen C. Williams
Kuehn, Beasley & Young P.C.
23 South 1st Street
Belleville, IL 62220
Telephone: (618) 277-7260
Fax: (618) 277-7718
justinkuehn@kuehnlawfirm.com